UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CURTIS LEWIS JONES,

       Plaintiff,

v.                                         Case No. 2:16-CV-116

THOMAS FINCO, et al.,                  HON. GORDON J. QUIST

       Defendants.

_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

       Plaintiff, Curtis Lewis Jones, filed a civil rights action against Defendants pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Defendant Newhouse filed a motion for summary judgment (ECF No. 29), as did Defendant Finco.  (ECF No. 30.)  Jones filed a response.  (ECF No. 32.)  Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) on December 20, 2017, recommending that the Court grant Defendants' motions because Jones failed to sustain his burden of proof in response.  Magistrate Judge Greeley recommended dismissing the case in its entirety. Jones filed an objection on January 12, 2018 (ECF No. 36), and Newhouse responded.  (ECF No. 37.)  For the following reasons, the R & R will be adopted by the Court.

       Pursuant to Federal Rule of Civil Procedure 72(b), a plaintiff "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection.  Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a petitioner objects.  Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Jones' Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Because Jones could not establish a violation of his rights, the R & R found that the Defendants are entitled to qualified immunity.

Jones correctly states in his Objection that he did allege that his health suffered as a result of the deprivation of certain food— he stated in his Complaint that he experienced headaches, dizziness, stomach pain, and lack of energy. (ECF No. 1 at PageID.10.) However, his factual allegations do not overcome the threshold established by the many cases cited in the R & R. Jones asserts that over the 30-day period of Ramadan, he was served Haram food that he could not eat as follows: peanut butter forty-five times; grits nine times; green beans four times; Western beans six times; potatoes four times; and corn bread two times—amounting to an aggregate 8,000 calories lost, which Jones himself described as three days' worth of meals. (*Id.*) The R & R cited a number of cases demonstrating that this does not amount to an Eighth Amendment violation. *See, e.g.*, *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (holding that only one meal per day for fifteen days did not violate the Eighth Amendment because the meals contained sufficient nutrition); *Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (holding that deprivation of seven meals over six days does not rise to the level of an Eighth Amendment violation). The Court will therefore adopt the R & R's recommendation as to Jones' Eighth Amendment violation.

Jones also objected to the R & R's recommendation to dismiss his First Amendment and RLUIPA claims. In *Welch v. Spaulding*, 627 F. App'x 479, 483 (6th Cir. 2015), the Sixth Circuit declined "to define nutritional adequacy in the First Amendment context in terms of specific daily caloric requirements. . . [the issue] requires consideration of, inter alia, daily caloric content,

duration of the diet, and the nutritional needs of the prisoner." *Welch*, according to the Sixth Circuit, had demonstrated a constitutional violation and there was a genuine issue of material fact about whether defendants violated this right and, therefore, qualified immunity was not appropriate. *Id.* at 484. *Welch* is an unreported case and is therefore not binding on this Court, *see United States v. Orlando*, 363 F.3d 596, 602 (6th Cir. 2004); it can also be distinguished because Welch alleged that his meals were approximately half the calorie count what they should have been over the course of Ramadan, while Jones has alleged a deprivation of, on average, 267 calories per day. The Court agrees with the R & R, and Judge McKeague's reasoning in his dissent in *Welch*, that Jones cannot show that Defendants substantially burdened his free exercise of his religion. (ECF No. 35 at PageID.377); *Welch*, 627 F. App'x at 486–87 (McKeague, J. dissenting). Nevertheless, the facts discussed here, and in the R & R, support this holding under the *Welch* majority's factual inquiry into nutritional adequacy. Similarly, the Court agrees with the R & R's findings and conclusion that Jones' RLUIPA claim should fail. Accordingly, the Court will adopt the R & R as to Jones' First Amendment and RLUIPA claim.

Jones did not directly address qualified immunity beyond arguing in support of the underlying constitutional violations. The R & R concluded that because Jones could not establish that his clearly established rights were violated, Defendants were entitled to qualified immunity. The Court agrees that Jones has not established violations of his rights, and therefore Defendants are entitled to qualified immunity.

The R & R also recommended dismissing Jones' final claim—his Fourteenth Amendment Equal Protection claim. Jones failed to show that Defendants purposefully discriminated against him and that any discriminatory purpose was a motivating factor in the actions of Defendants. (*Id.* at PageID.380.) Jones did not object to the R & R's conclusions as to his Equal Protection claim,

and any objection is therefore deemed waived. *Thrower v. Montgomery*, 50 F. App'x 262, 263-64 (6th Cir. 2002).

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 35) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Plaintiff's Objections (ECF No. 36) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (ECF Nos. 29 & 30) are **GRANTED**.

This case is concluded.

A separate judgment will issue.


Dated: March 13, 2018                               /s/ Gordon J. Quist
                                         _____
                                                GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE